THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
David Kaveh, Respondent,
v.
Parton Land & Timber Company, Inc., and Custom Grading & Construction, 
 Inc., d/b/a Carolina Earth Movers, Defendants,
of Whom Parton Land & Timber Company, Inc. is,
Appellant.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2005-UP-024
Submitted November 1, 2004  Filed January 
 13, 2005

AFFIRMED

 
 
 
Douglas F. Gay, of Rock Hill, for Appellant.  
Lucy London McDow, of Rock Hill, for Respondent.
 
 
 

PER CURIAM:  Parton Land & Timber Company, Inc. appeals the jurys 
 award of punitive damages to David Kaveh on his claim for conversion of timber 
 arguing the court erred by denying its motions for judgment notwithstanding 
 the verdict or, in the alternative, for a new trial absolute.  We affirm [1] pursuant to Rule 220(b)(2), SCACR, and the following authorities:
As to the trial courts denial of the motion for judgment notwithstanding 
 the verdict:  Rule 50(b), SCRCP (A party who has moved for a directed verdict 
 may move to have the verdict and any judgment entered thereon set aside and 
 to have judgment entered in accordance with his motion for a directed verdict[.]) 
 (emphasis added); Johnson v. Hoechst Celanese Corp., 317 S.C. 415, 420, 
 453 S.E.2d 908, 911 (Ct. App. 1995) (If a party fails to make a directed verdict 
 motion before the jury retires, the party cannot subsequently move for JNOV.).
As to the trial courts denial of the motion for new trial absolute:  
 Vick v. South Carolina Dept of Transp., 347 S.C. 470, 481, 556 S.E.2d 
 693, 699 (Ct. App. 2001) (The jurys determination of damages is entitled to 
 substantial deference.); Rush v. Blanchard, 310 S.C. 375, 379-80, 426 
 S.E.2d 802, 805 (1993) (The trial court should grant a new trial based on the 
 excessiveness of the verdict only if the amount is not merely different from 
 that which he would have awarded, but is so grossly excessive so as to shock 
 the conscience of the court and clearly indicates that the figure reached was 
 the result of caprice, passion, prejudice, partiality, corruption or other improper 
 motives.); Vinson v. Hartley, 324 S.C. 389, 404, 477 S.E.2d 715, 723 
 (Ct. App. 1996) (The grant or denial of new trial motions rests within the 
 discretion of the trial judge and his decision will not be disturbed on appeal 
 unless his findings are wholly unsupported by the evidence or the conclusions 
 reached are controlled by error of law.); McGee v. Bruce Hosp. Sys., 
 321 S.C. 340, 346, 468 S.E.2d 633, 637 (1996) (holding an appellants allegations 
 of error by the trial court in reviewing an award of punitive damages pursuant 
 to Gamble v. Stevenson, 305 S.C. 104, 406 S.E.2d 350 (1991) are unpreserved 
 where the issue was not raised to the trial court).  
 AFFIRMED. 
ANDERSON, STILWELL, and SHORT, JJ., concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 
 215, SCACR.